IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE DERWIN MOORE,<br><br>        Petitioner,<br><br>v.<br><br>JAMES J. MCGRADY, et al.,<br><br>        Respondents. | CIVIL ACTION<br>NO. 11-6285 |

## ORDER

**AND NOW**, this 14th day of March 2013, upon consideration of Petitioner Andre Derwin Moore's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition (Doc. No. 4), Petitioner's Reply (Doc. No. 6), the Report and Recommendation of Magistrate Judge Lynne A. Sitarski (Doc. No. 7), and Petitioner's Objections to the Report and Recommendation (Doc. No. 10), it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Sitarski (Doc. No. 7) is

   **APPROVED** and **ADOPTED**.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and local rules of court, a district judge may designate a magistrate judge to file proposed findings and recommendations for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Within fourteen days after being served with a copy [of the magistrate's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). E.D. Pa. Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." With respect to pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D.

Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

In this case, Petitioner was convicted in the Bucks County Court of Common Pleas on multiple counts of robbery, burglary, receiving stolen property, and conspiracy for two separate incidents that occurred in December 2003. (Doc. No. 7 at 2-3.) He was sentenced to a term of imprisonment of twelve to twenty-four years. (Id. at 3.) Petitioner challenged his convictions and sentence on appeal and pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). He was unsuccessful. (Id. at 3-8.) On October 5, 2011, he filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) The Petition, liberally construed, sets forth the following claims for relief:

1) Ineffective Assistance of Appellate Counsel for failing to raise trial counsel's ineffectiveness for failure to:

   a) request an accomplice/polluted source jury charge (Claim A);
   b) request a mere presence jury charge (Claim B);
   c) interview and subpoena arresting officers to be present at Petitioner's trial (Claim C);
   d) impeach the trial testimony of Mary Ann Kapschock (Claim D);
   e) impeach the trial testimony of Trooper Watkins and show that he committed perjury (Claim E); and
   f) impeach the trial testimony of co-Defendant Brian Long (Claim F).

2) Ineffective Assistance of Appellate Counsel for failing to raise a violation of Petitioner's rights under the Confrontation Clause of the U.S. Constitution (Claim G).

(Doc. No. 7 at 9.) On December 21, 2012, Magistrate Judge Sitarski issued a Report recommending that the Petition be denied because:

1) Claims B and G are procedurally defaulted for failure to exhaust state court remedies (id. at 11-15);

2) the Pennsylvania courts' adjudication on the merits of Claims A, C, E, and F was not "contrary to" or an "unreasonable application of" the Strickland standard governing ineffective assistance of counsel claims (id. at 15-29, 32-34); and

3) Petitioner failed to satisfy either prong of Strickland in Claim D (id. at 29-32).

2

Petitioner made the following timely objections to the Report:

1) Claim B (trial counsel's failure to request mere presence jury charge) was raised on direct appeal and in the PCRA petition, and is therefore not procedurally defaulted;

2) Claim G (appellate counsel's failure to raise Confrontation Clause challenge) was also raised on direct appeal and in the PCRA proceedings, and is therefore not procedurally defaulted; and

3) denial of relief on Claims A, C, D, E, and F "is inconsistent with United States Court of Appeals and United States Supreme Court Precedent involved with these issues" and "would result in a manifest miscarriage of ju[stice]."

(Doc. No. 10.) For reasons that follow, the Court will deny Petitioner's objections and adopt Judge Sitarski's Report and Recommendation.

As to the first two objections, Judge Sitarski correctly noted that Petitioner did not properly exhaust his state court remedies on Claims B or G because he did not raise those issues in post-trial motions, direct appeal, or his initial PCRA petition. Exhaustion requires — prior to federal habeas review — that "'[b]oth the legal theory and facts underpinning the federal claim . . . have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court.'" Tome v. Stickman, 167 F. App'x 320, 322-23 (3d Cir. 2006) (quoting Evans v. Court of Common Pleas, De. Cnty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992)).

Petitioner argues that both Claims were raised in state court. He points specifically to the following language, which he used in post-trial motions and on appeal, to demonstrate that Claims B and G were exhausted:

> The Lower Court erred in finding that trial counsel was not ineffective for failing to point out through certain police officers that the complainant, Mary Ann Kapschock described Defendant's role in this crime as a passive one, supporting a defense of mere presence. [Claim B]
>
> Ineffectiveness of Trial Counsel for failing to present the testimony of police officers to contradict the assertions of the co-defendant and/or the complainants who testified at trial. [Claim G]

(Doc. No. 10 at 2-3; Doc. No. 7 at 4-5.) The "legal theor[ies]" presented in these state court challenges are not, however, the same as the theories put forward in the federal habeas Petition.

In Claim B of the federal Petition, he argues that counsel's ineffectiveness was based on failure to request a "mere presence" jury charge. As noted above, the issue presented in state court was failure to properly challenge the complainant's trial testimony, not failure to request a specific jury instruction. Likewise, Claim G was never explicitly raised in state court. The state

3

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

3. All outstanding motions are **DENIED AS MOOT**.

4. A certificate of appealability will not be issued because, based on the analysis contained in Magistrate Judge Sitarski's Report and Recommendation, as approved and adopted by this Court, a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the habeas petition.

5. The Clerk of Court shall close the above-captioned case.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

court claim that counsel was ineffective for "failing to present the testimony of police officers to contradict" the testimony of others at trial, is not the same as the general Confrontation Clause challenge alleged in the federal Petition. The Court notes, however, that Pennsylvania courts and Judge Sitarski did reach the merits of certain claims that counsel was ineffective for failing to impeach police officer testimony, such as in Claim E, but a broad Confrontation Clause challenge was never raised in state court.

Judge Sitarski explained that "[t]he exhaustion requirement is rooted in considerations of comity, and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings." (Doc. No. 7 at 12 (citing Castille v. Peoples, 489 U.S. 346, 349 (1989).) Thus, because Petitioner has not "'fairly presented' his federal claims to the state courts before seeking federal habeas relief by invoking 'one complete round of the State's established appellate review process,'" the Court finds Claims B and G are procedurally defaulted. (See Doc. No. 7 at 12 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).)

As to the third objection, the Court is not persuaded Judge Sitarski erred. First, the Court notes that Petitioner has set forth his objection in very general terms, despite Local Civil Rule 72.1.IV(b)'s requirement for specificity. Second, after giving "reasoned consideration" to the Report, the Court finds that Judge Sitarski's analysis properly considered relevant legal precedent. See Henderson, 812 F.2d at 878. Therefore, the Court will adopt Judge Sitarski's Report and Recommendation and deny the Petition for Writ of Habeas Corpus.